UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER LEE JONES-BEY,

        Plaintiff

v.

JPAY INC., RYAN SHAPIRO, SECURUS TECHNOLOGIES, INC., and RICK SMITH,

        Defendants.
_____/

Case No. 2:17-cv-12545
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

**ORDER (1) ADDRESSING SEVERAL MOTIONS (DEs 30, 34, 42, 48), (2) DIRECTING THE CLERK OF THE COURT TO STRIKE CERTAIN ITEMS (DEs 41-4, 43 & 45), (3) SETTING A BRIEFING SCHEDULE WITH CONTENT REQUIREMENTS, and (4) TEMPORARILY STAYING DISCOVERY**

Plaintiff Walter Lee Jones-Bey is currently incarcerated at the Michigan Department of Corrections (MDOC) Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan.[1] The allegations underlying his most recent amended complaint concern difficulties he had following the April 2017 purchase and receipt of a JP5mini Tablet. (DE 23 ¶¶ 11-32.) Plaintiff names four

---

[1] *See* www.michigan.gov/corrections, "Offender Search," MDOC Number 235079 (last visited Feb. 5, 2019).

1

Defendants and sets forth eight causes of action based upon the Magnuson-Moss Warranty Act, Michigan's Consumer Protection Act, Michigan's Uniform Commercial Code, conversion, fraudulent misrepresentation, and infliction of mental distress. (DE 23 ¶¶ 33-77.) Plaintiff appears to offer both federal question (28 U.S.C. § 1331) and diversity of citizenship (28 U.S.C. § 1332) as bases for jurisdiction. (*See* DE 23 at 3 ¶¶ 9-10.)

Judge Cohn has referred this case to me for all pretrial matters. Currently, there are four matters pending before the Court:

**(1)** Plaintiff's October 22, 2018 motion **(DE 30)** to strike Defendants' motion (DE 26) for an extension of time to file a response to the amended complaint;

**(2)** Defendants' October 24, 2018 motion for leave to file a motion to dismiss for lack of subject matter jurisdiction and/or to stay or dismiss based on an arbitration provision **(DE 34)**, regarding which Plaintiff has filed a response (DE 39) and a corrected response (DE 40), Defendants have filed a reply (DE 41), and Plaintiff has filed a sur-reply (DE 43), along with an affidavit (DE 45);

**(3)** Plaintiff's December 18, 2018 motion for leave to file a sur-reply **(DE 42)**, regarding which Defendants have filed a response (DE 46); and,

**(4)** Defendants' January 10, 2019 motion **(DE 48)** to strike Plaintiff's affidavit (DE 45) in opposition to Defendants' motion to dismiss for lack of subject matter jurisdiction (DE 34), regarding which Plaintiff has filed a response (DE 49).

On February 5, 2019, the Court held a hearing, at which Plaintiff participated by videoconference and defense counsel (attorney Patricia A. Stamler) appeared in person.

Upon consideration, and consistent with the Court's statements on the record, all of which are incorporated herein by reference:

**(1)** Plaintiff's October 22, 2018 motion to strike (DE 30) is **DEEMED WITHDRAWN**;

**(2)** Defendants' October 24, 2018 motion (DE 34) is **GRANTED** to the extent it seeks *leave* to file a dispositive motion;

**(3)** Plaintiff's December 18, 2018 motion for leave to file a sur-reply (DE 42) is **DENIED**; and,

**(4)** Defendants' January 10, 2019 motion to strike (DE 48) is **GRANTED**.

Accordingly, the Clerk of the Court is directed to **STRIKE** Plaintiff's sur-reply (DE 43) and Plaintiff's affidavit (DE 45), as well as the affidavit of Gregory Campbell (DE 41-4). In addition, the parties will abide by the following briefing schedule and directives:

**(1)** on or before **Wednesday, March 20, 2019**, Defendants shall file either an answer to the most-recent amended complaint (DE 23) or a motion based on subject matter jurisdiction, compelling arbitration, and/or for a dismissal under Fed. R. Civ. P. 12. Defendants' brief may be no longer than 30 pages in length and must be in 14-point font. Defendants may attach one or more affidavits to their motion. Should Defendants fail to timely file either an answer or motion as described, they will be at risk of default.

**(2)** on or before **Friday, April 19, 2019**, Plaintiff may file a response to Defendants' motion. Plaintiff's brief may be no longer than 30 pages in length and must be in 14-point font. Plaintiff may attach one or more affidavits to his response.

**(3)** on or before **Friday, May 10, 2019**, Defendants may file a reply to Plaintiff's response. Defendants' brief may be no longer than 10 pages and must be in 14-point font. Defendants *may not* attach an affidavit to their reply.

The Court will strictly enforce these pages limits. Plaintiff will not be permitted to file a sur-reply without prior leave of Court, and Plaintiff is cautioned that the Court discourages sur-replies and is not likely to permit such a filing. Moreover, the parties' attention is drawn to the E.D. Mich. Local Rules, particularly E.D. Mich. Local Rules 5.1 ("Filing of Papers") and 7.1 ("Motion Practice"), and to my Practice Guidelines, each of which may be accessed at www.mied.uscourts.gov. In addition, the Court has extended the briefing page limits as indicated above, as it requests case law – preferably binding – on the following issues: **(1)** does the Sixth Circuit take the same approach to a motion to dismiss based on subject matter jurisdiction as did the courts in *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) and *Alabama v. PCI Gaming Auth.*, 15 F. Supp. 3d 1161, 1165 (M.D. Ala. 2014), *aff'd*, 801 F.3d 1278 (11th Cir. 2015), and, is it within the Court's discretion whether to decide the question on the pleadings alone, *i.e.*, a facial attack versus a factual attack; **(2)** the enforceability of an arbitration provision that is embedded

within an electronic device and/or software; **(3)** use of the Magnuson-Moss Warranty Act with less than $50,000 in damages for acquiring federal question jurisdiction where the state law claims do not meet the $75,000 subject matter jurisdiction threshold; and, **(4)** whether Plaintiff is entitled to recover emotional distress damages under the Michigan Consumer Protection Act or any of his other state law claims.

Finally, discovery is stayed until and unless Defendants fail to timely answer or file the above-described motion. If Defendants opt to file an answer in lieu of timely filing the above-described motion, then the stay of discovery will automatically lift, and the discovery deadline will be **Monday, July 22, 2019**. If Defendants timely file the above-described motion, then discovery is further stayed, and the stay will automatically lift if this case survives the motion.

**IT IS SO ORDERED.**

Dated: February 6, 2019
s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 6, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti